E-FILED
Monday, 19 June, 2006  02:08:28 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Taylor Machine Works, Inc., et al,  )
                           Plaintiff  )
                                  )
                                  )         Case No. 06-1126
                                  )
Pioneer Distribution Inc., et al  )
                           Defendant

Caterpillar, Inc.
                         Misc. Party

**ORDER**

Now before the court is the motion by Caterpillar to quash (#1) the deposition of Christopher Dekker. As further explained below, the motion is granted.

**BACKGROUND**

Currently pending in the Northern District of Mississippi is a case captioned Taylor Machine Works v. Pioneer Distribution, No. 04CV142-D-D. In connection with that litigation, Taylor Machine Works has subpoenaed Christopher Dekker for deposition. Mr. Dekker is a Senior Litigation Attorney in the Legal Services Division of Caterpillar Inc.

J. Garner Scott owned 100% of the stock in a company called Pioneer Machinery, Inc. Following negotiations for the sale of that stock between Scott and a number of Caterpillar executives, a stock purchase agreement was executed; the sale was consummated in January 2001. Thereafter, Caterpillar sold most of its interest in Pioneer to some of its dealers in 2002.

In mid 2003, Caterpillar learned that Scott might have defrauded Caterpillar with respect to that sale. Caterpillar's Legal Services Division, and Mr. Dekker in particular,

became involved in potential - and later actual - litigation[1] against Scott and Pioneer. Dekker was responsible for initiating and managing the Caterpillar case from mid-2003 until the present date. He was not personally involved in any of the underlying events that formed the basis for that litigation. Dekker was involved in negotiating with some of those dealers in an effort to minimize Caterpillar's potential liability for the acts of Garner.

## DISCUSSION

The Federal Rules of Civil Procedure do not exempt attorneys from being deposed. Rule 30 broadly states that "[a] party may take the testimony of any person, ..., by deposition." Fed.R.Civ.P. 30(a)(1). Thus, "an attorney may be deposed, even if he or she represents a party to the litigation in issue." Hunt Intl Resources Corp. v. Binstein, 98 F.R.D. 689, 690 (N.D.Ill.1983); see also, Cooper v. Welch Foods, Inc., 105 F.R.D.4 (W.D.N.Y.1984); Evans v. Atwood, 1999 WL 1032811, at *4-5 (D.D.C.1999).

The Federal Rules of Civil Procedure, however, specifically vest this Court with discretion to limit the "frequency and extent" of discovery methods, where "the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive." Fed.R.Civ.P. 26(b)(2). Moreover, the Rules authorize this Court to bar certain discovery, or to regulate the method by which it is obtained, where "justice requires [it] to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c)(1), (3). Finally, protections available under attorney-client privilege or work product

---

[1] That litigation is currently pending in the District of South Carolina, Caterpillar v. Scott, No. 3:04-21789-JAF. The wrongful acts alleged in that case are "the same type" as the wrongful acts alleged in the instant case, according to Caterpillar.

privilege, Fed.R.Civ.P. 26(b)(5), are not destroyed simply by virtue of deposing an attorney. See, In re Penn Central Commercial Paper Litigation, 61 F.R.D. 453 (S.D.N.Y. 1973).

Cases discussing depositions of trial counsel generally acknowledge that deposition of opposing counsel "provides a unique opportunity for harassment; it disrupts the opposing attorney's preparation for trial, and could ultimately lead to disqualification of opposing counsel if the attorney is called as a trial witness." Marco Island Partners v. Oak Development Corp., 117 F.R.D. 418, 420 (N.D.Ill.1987). See also, Prevue Pet Products v. Avian Adventures, 200 F.R.D. 413, 418 (N.D.Ill.2001). For this reason, courts historically have looked with disfavor on attempts to oppose opposing counsel, based on the belief that such depositions are "disruptive of the adversarial process and harmful to the standards of the legal profession and entail a high risk of implicating opinion work product." Caterpillar Inc. v. Friedemann, 164 F.R.D. 76, 78 (D.Or. 1995).

As a sister Court has previously commented, there are two approaches to resolving disputes about deposing attorneys. Advance Systems v. APV Baker PMC, Inc., 124 F.R.D. 200, 201 (E.D.Wis. 1989). One approach requires the attorney to attend the deposition and raise particular objections in response to specific questions. See Hunt Internat'l Resources Corp. v. Binstein, 98 F.R.D. 689, 690 (N.D.Ill 1983); Scovill Mfg. Co. v. Sunbeam Corp., 61 F.R.D. 598, 603 (D.Del. 1973).

The other approach was articulated by the Eighth Circuit in Shelton v. American Motors Corp., 805 F.2d 1323 (8th Cir.1986). The test stated in that case limited depositions of opposing counsel "to where the party seeking to take the depositions has shown that (1) no other means exist to obtain the information than to depose opposing

counsel, ...; (2) the information sought is relevant and non-privileged; and (3) the information is crucial to the preparation of the case." Id. at 1327.

Shelton is the case most frequently cited by other courts confronted with the question of whether to allow the deposition of a party's attorney.  See, e.g., Boughton v. Cotter Corp., 65 F.3d 823, 830 (10th Cir. 1995)(adopting Shelton); Thiessen v. G.E.Capital Corp., 267 F.3d 1095 (10th Cir. 2001)(applying Shelton, affirming trial court's granting of motion to quash, because there were other avenues available to obtain the information); Harriston v. Chicago Tribune Co., 134 F.R.D. 232, 233 (N.D.Ill. 1990)  Advance Systems, 124 F.R.D. at 201.

The circumstances in which to apply the test articulated in Shelton, however, were significantly limited by a later Eighth Circuit case, Pamida v. E.S.Originals, Inc., 281 F.3d 726 (8th Cir. 2002).  In that case, a retailer was sued for patent infringement.  After that case was concluded by settlement, the retailer sued the manufacturer for indemnification. The same attorneys represented the retailer in both the patent dispute and the indemnification dispute.  The attorneys were subpoenaed for deposition about issues in the indemnification case that arose out of the concluded, underlying case.  Motions to quash the subpoenas were denied (at least as far as is relevant to the instant discussion), and the denial was appealed.

On appeal, the Eighth Circuit found that Shelton did not apply where the attorneys were to be deposed concerning their knowledge of an underlying concluded legal action that is relevant to an ongoing action.  Shelton "was not intended to provide heightened protection to attorneys who represented a client in a completed case and then also happened to represent that same client in a pending case where the information known

only by the attorneys regarding the prior concluded case was crucial." Id. at 730. The Shelton test need not be satisfied to depose the attorneys about information related to the closed case. Id. at 730-31. Instead, the party seeking the deposition must show either waiver (or non-existence) of privilege or the standard (substantial need and undue hardship) set forth in Rule 26(b)(3). Id. at 731.

Other courts, too, have refused to apply Shelton without a full evaluation of the circumstances and the purposes of that test. For example, in Calvin Klein Trademark Trust v. Wachner, 124 F.Supp. 2d 207 (S.D.N.Y.2000), the court refused to read Shelton as "woodenly" as counsel would have it, nor would the circumstances be discussed in a vacuum but rather in the context of the purposes served by the Shelton doctrine. Id. at 211. As noted by the Calvin Klein court and by numerous other courts, Shelton's primary purpose is to bar the "disruption and misuse of the adversary process attendant on allowing a party to depose its adversary's litigation counsel. Id. See also, In re Interactive Network Inc., 243 B.R.766, 767-68 (Bkrtcy. N.D.Cal. 2000)(declining to apply Shelton to the facts before it).

In Marco Island Partners v. Oak Development Corp., 117 F.R.D. 418 (N.D.Ill. 1987), the court was confronted with a motion to quash the deposition of an attorney employed by the same firm as the plaintiff's litigation counsel who had been involved in relevant negotiations. There was evidence that 14 other people were present at those negotiations, and 9 of them were scheduled for depositions. The court expressed its inclination to quash an attorney's deposition where any testimony would be predominantly duplicative of other testimony, concluding that such a deposition would be burdensome, costly, delaying, and

otherwise impractical. Relying on the authority to limit discovery, the court quashed the deposition subpoena entirely.

Those courts applying Shelton, in other words, did so flexibly, considering such factors as: the need to take the deposition; the lawyer's role in the underlying action and in the primary action; the risk of encountering privilege and interfering in the attorney client relationship; avoiding unnecessary expense; and the means and extent of discovery already conducted to obtain the information to be gleaned from the attorney. See, In re: Subpoena issued to Dennis Friedman, 350 F.3d 65, 72 (2d Cir. 2003); Pamida, supra; Calvin Klein, supra; U.S.Fid. & Guar. Co. v. Braspetro Oil, 2000 WL 1253262 (S.D.N.Y. Sept. 1, 2000).

No cases discussing Shelton or Pamida from the Central District were cited (or found by the court), and the Seventh Circuit has not weighed in on this topic. The Shelton approach has, however, been discussed in a number of decisions in other District Courts within the Seventh Circuit. In addition to those cases already cited herein, see, e.g., Cook Inc. v. C.R.Bard Inc., No. IP001791-C, 2003 WL 23009047, Sept. 18, 2003 (S.D.Ind)(declining to apply Shelton); Hernandez v. Longini, 96 C 6203, 1997 WL 754041, at *5, Nov. 13, 1997 (N.D.Ill.) (applying Shelton and barring deposition of attorney); M & R Amusements Corp. v. Blair, 142 F.R.D. 304, 305-06 (N.D.Ill.1992) (barring deposition of plaintiff's attorney); Joslyn Corp. v. RTE Corp., 86 C 2319, 1988 WL 102104, at *1 (N.D.Ill.1988) (barring deposition of defendant's attorney).

In qad.inc. v. ALN Assoc., Inc., 132 F.R.D. 492, 495 (N.D.Ill.1990), the Court criticized Shelton for setting forth a rule "in such broadbrush terms" because courts properly may exercise discretion to bar a deposition of counsel where "it is really true that

information may be derived at least as readily from a source other than the lawyer[.]" Id. at 495. The qad court, however, noted that a blanket prohibition has no basis in law and that if questions of privilege arise during a deposition, they can and should be dealt with specifically. "It is a mistake to translate ... entirely legitimate needs for the protection of lawyer-client privileged communications and of lawyers' privileged thought processes into a kind of global protection of lawyers as a privileged class. Privileged documents do not equate to privileged classes of people." Id. at 494.

From these cases, I conclude that a careful analysis of all the circumstances is called for, and not a rote application of the test enunciated by the Shelton court. First, while Dekker is not technically "opposing counsel" in the Taylor case, he is counsel in a related proceeding that is ongoing in another District. Efforts to depose him are therefore comparable to efforts to depose opposing counsel. The same concerns are raised, particularly concerns of privilege and of making counsel a witness. This circumstance weighs against allowing his deposition.

Dekker's role in both lawsuits is of such a nature that any relevant matter on which he is questioned will be largely if not entirely limited by privilege. His lack of involvement in the underlying transaction means that any factual knowledge he has about the transaction or about any fraud that may have occurred is either second hand, meaning that other witnesses will have better knowledge, or it is privileged. His role in the subsequent efforts to minimize Caterpillar's liability - through contract negotiations with dealers - is well within his role as Caterpillar's counsel. The fact that there were parties other than Caterpillar involved in those negotiations does not negate the privilege; any information Dekker has about those negotiations he learned in his capacity as counsel.

Information about those negotiations, to the extent it may be relevant to the Taylor litigation, can be gleaned through documents and through the others involved in the negotiations.

If, after all documents have been obtained and all the other witnesses deposed, the Taylor plaintiffs still have relevant factual inquiries that have not been answered, that will not merely be cumulative, and that are not privileged, they may return to this Court with a proposal for a limited deposition of Dekker on those matters. At this point, however, no showing has been made that would lead this court to conclude that deposing Dekker is necessary to obtain that information.

Counsel for the Taylor plaintiffs has made no showing that the information he hopes to gain from Dekker cannot be gained through documents and other witnesses. I therefore conclude that he has failed to overcome the limits on discovery imposed by Fed.R.Civ.P. 26(b)(2). The motion to quash Dekker's deposition is accordingly granted.

ENTER this 19th day of June 2006.

s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE